COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Willis

SAFEWAY, INC.

MEMORANDUM OPINION[*]

v.   Record No. 0572-97-1             PER CURIAM
                                      JULY 29, 1997

MARION BOSWELL ARROWOOD

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(C. Ervin Reid; Wright, Robinson, Osthimer &
Tatum, on briefs), for appellant.

(C. Randall Stone, on brief), for appellee.


Safeway, Inc. contends that the Workers' Compensation Commission erred in finding that Marion Boswell Arrowood's psychiatric condition was causally related to his compensable August 24, 1991 injury by accident.  Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding."  Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989).

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

In holding that Arrowood's evidence sustained his burden of proving that his psychiatric condition was causally related to his compensable August 24, 1991 injury by accident, the commission found as follows:

> From this record, we find that Dr. [Jose A.] Erfe's psychiatric treatment is related, at least in part, to the industrial accident. [Arrowood] had no previous psychiatric history. He stated that he was resilient after the first surgery, but when his groin wound required two additional surgeries, he became distressed. He was able to maintain his emotional equilibrium while working at a light duty job, despite recurrent pain. However, when light duty was no longer available, he became depressed. He finally decided to seek psychiatric treatment after two years of depression, weight gain, and irritability. Dr. Erfe has unequivocally related the depression to the accident, the ongoing discomfort, and inability to work. It is well-established that the Commission generally defers to the positive opinion of a treating physician over that of an independent medical examiner. Dr. [Merritt W.] Foster correctly notes that only three surgeries directly related to the accident; the other four involved urinary tract problems which emerged following catheterization at the hospital. Dr. Foster erroneously reported that [Arrowood] had returned to his regular job, and he dismissed [Arrowood's] physical problems as "subjective."

In its role as fact finder, the commission was entitled to weigh the medical evidence and to accept the opinion of Dr. Erfe, the treating psychiatrist. The commission was also entitled to reject Dr. Foster's opinion. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236

2

(1989).  Dr. Erfe's opinion constitutes credible evidence to support the commission's decision.  "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

For the reasons stated, we affirm the commission's decision.

Affirmed.